## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: <br><br> Southwest Airlines Co. Flight Disruption Litigation | MDL NO. 3082 |

## DEFENDANT SOUTHWEST AIRLINES CO.'S OPPOSITION TO PLAINTIFF MARY SMITH'S MOTION FOR TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C § 1407 FOR COORDINATED OR <u>CONSOLIDATED PRETRIAL PROCEEDINGS</u>

The Panel should deny Smith's Motion for Transfer because Section 1407 centralization is unnecessary and, at a minimum, premature. With only four pending federal-court actions, Smith "bears a heavier burden to demonstrate that centralization is appropriate." *In re SLB Enter. Rico Litig.*, 412 F. Supp. 3d 1350, 1352 (J.P.M.L. 2019). This Panel has repeatedly emphasized that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re Nelnet Servicing, LLC, Customer Data Sec. Breach Litig.*, No. MDL 3053, 2022 WL 17843103, at * (J.P.M.L Dec. 13, 2022) (quoting *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011)). In fact, "transfer under Section 1404 or the first-to-file

doctrine is preferable," and "informal coordination and cooperation" is often effective even if the actions remain in different districts. *In re Baby Food Mktg., Sales Practices & Products Liab. Litig.*, 544 F. Supp. 3d 1375, 1378 (J.P.M.L. 2021).

Here, Smith ignores these alternatives to centralization and, thus, fails to meet her heavy burden. Motions to dismiss, transfer, or stay under the first-to-file rule are pending in all three California actions. And Smith and Southwest have already shown a willingness to cooperate to avoid duplication, coordinating the transfer of Smith's action from the Northern District of California to the Southern District of California prior to her Section 1407 motion.

In sum, coordination of all four, related class actions can be achieved short of centralization, and the Panel should allow such efforts to proceed.

## I.   THE *CAPDEVILLE, HILL, SMITH,* AND *GROVE* ACTIONS

There are currently four putative class actions pending against Southwest in federal court.[1]  The first-filed action, *Capdeville v. Southwest Airlines Co*., Case No. 22:18-cv-02876-MWF-E (E.D. La.), was filed on December 30, 2022 and is pending in the United States District Court for the Eastern District of Louisiana. The second-filed, federal-court action, *Hill v. Southwest Airlines Co.*, Case No.

---

[1] There is a fifth, related action, titled *Hill v. Southwest Airlines Co.*, Case No. 37-2022-00052166-CU-NP-CTL, currently pending in the Superior Court of California, County of San Diego.  It is not subject to Smith's Motion for Transfer.

2

3:23-cv-00633-ABB-BLM (S.D. Cal), was originally filed in the Superior Court of California, County of San Diego on January 5, 2023; was timely removed to the United States District Court for the Southern District of California; and remains pending in that court.  The third-filed, federal-court action, *Smith v. Southwest Airlines Co.*, Case No. 3:23-cv-00754-AJB-BLM (N.D. Cal.), was originally filed on January 22, 2023 in the United States District Court for the Northern District of California; was subsequently transferred to the United States District for the Southern District of California; and remains pending in that court. And the fourth-filed, federal-court action, *Grove v. Southwest Airlines Co.,* Case No. 3:23-cv-00306-AJB-BLM (S.D. Cal.) ("*Grove* Action"), was originally filed in the United States District Court for the Southern District of California and remains pending in that court.

### A.    The *Capdeville* Action

Plaintiff Eric Capdeville asserts two causes of action against Southwest: (1) breach of contract and (2) redhibition. [*See generally* Dkt. No. 1.]  These two claims, according to Capdeville, arise out of Southwest's "cancell[ation] [of] flights nationwide" "beginning Friday, December 23, 2022" and "continu[ing]…through Wednesday, December 28, 2022."  [*Id.* at p. 2 of 11, ¶ 5.] Capdeville asserts his two claims against Southwest on behalf of himself and, purportedly, on behalf a nationwide class, which he defines as:

4854-4488-7914.5

> "All persons in the United States who purchased tickets
> for travel on a Southwest Airlines flight scheduled to
> operate from December 24, 2022 through the date of the
> class certification order, whose flight(s) were canceled by
> Southwest, and who were not provided a refund or
> reimbursed for incurred expenses as a result of the
> cancellation."

[*Id.* at pp 5-6 of 11, ¶ 24.]

On May 22, 2023, Southwest filed its Motion to Dismiss Capdeville's

complaint, arguing, among other things, that (1) Capdeville fails to state a plausible

claim for breach of contract and redhibition; and (2) Capdeville's redhibition claim

is preempted by the Airline Deregulation Act.  [*See generally* Dkt. No. 10.]  The

motion to dismiss is set for submission before District Judge Darrel James

Papillion on July 12, 2023 [Dkt. No. 15].

### B.  The *Hill II* Action.

In her original complaint, Plaintiff Paul Hill asserted against Southwest

claims for (1) breach of contract and (2) violations of California Business &

Professions Code § 17200, *et seq.* ("UCL"). Both of these claims, according to

Hill, arose out of Southwest's inability to "provide the flights in California as

purchased during the period of December 22, 2022 through January 3, 202[3]."

Before serving Southwest with the complaint, Hill filed on March 6, 2023

her First Amended Complaint ("FAC"), adding a new named plaintiff and

asserting the same two causes of action.  [*See generally* Dkt. No. 1-5.]  As in the

complaint, the claims in the FAC arise out of Southwest's inability to "provide

4

flights in California as purchased during the period of December 22, 2022 through January 3, 2023." [*Id.* at p. 10 of 12, ¶ 24.]

In their FAC, the *Hill* Plaintiffs seek to represent a class of individuals, which they define as:

> "[A]ll California family members and persons…who purchased Southwest Airlines tickets for a flight into a California airport, a flight out of a California airport, or a flight between California airports for travel during the period December 22, 2022, to January 3, 2023…where the flight(s) purchased were not delivered and travel disrupted."

[Dkt. No. 1-5, p. 7 of 12, ¶ 13.]

On April 7, 2023, Southwest removed the *Hill* Action to the United States District Court for the Southern District of California pursuant to the Class Action Fairness Act of 2005, codified in part at 28 U.S.C. § 1332(d). [Dkt. No. 1-5, p. 2 of 12.] The *Hill* Action was ultimately assigned to District Judge Anthony J. Battaglia. [*Id.* at p. 3 of 12.]

On June 16, 2023, Southwest filed in the *Hill* Action a Motion to Dismiss, Transfer, or Stay the Action Under the First-to-File Rule ("*Hill* First-Filed Motion").[2] [Dkt. No. 10.] The Court has not yet set a briefing schedule for that motion.

---

[2] A true and correct copy of the *Hill* First-Filed Motion is attached hereto as Exhibit A.

4854-4488-7914.5

Also on June 16, 2023, the Parties filed a Joint Motion in the *Hill* Action to continue Southwest's responsive pleading deadline to thirty (30) days after the JPML rules on the MDL Motion.  [Dkt. No. 11.]

### C.    The *Smith* Action.

On January 22, 2023, the *Smith* Action was filed in the United States District Court for the Northern District of California. [Dkt. No. 1-6, p. 1 of 39.] Plaintiff Mary Smith asserts against Southwest five purported causes of action: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing; (3) violation of bailment; (4) injunctive relief; and (5) declaratory relief (28 U.S.C. §§2201- 2202).  [*See generally* Dkt. No. 1-6.]  Each of these five claims, according to Smith, arises out of Southwest's "cancell[ing] nearly 16,000 flights" "[b]etween December 22, 2022 and January 2, 202[3]."  [Dkt. No. 1-6, p. 18 of 39, ¶ 65.]

Smith seeks to represent a "nationwide class" and a "nationwide sub-class," which she defines as:

> **Nationwide Class:** "All persons in the United States who purchased tickets for travel on a Southwest Airlines flight and that flight was delayed and/or cancelled (including, but not limited to in June 2020, October 2021, and December 24, 2022-January 2, 2022), and who were not provided a refund and/or reimbursed for incurred expenses as a result of the delay and/or cancellation."

> **Nationwide Sub-Class:** All persons in the United States who purchased tickets for travel on a Southwest Airlines flight and that flight was delayed and/or cancelled from

4854-4488-7914.5

> December 24, 2022 and January 2, 2022 and who were
> not provided a refund and/or reimbursed for incurred
> expenses as a result of the delay and/or cancellation and
> who checked luggage between December 24, 2022 and
> January 2, 2022."

[*Id.* at pp. 28-29 or 29, ¶¶ 83-84.]

On April 21, 2023, Southwest and Smith filed a Joint Stipulation to Transfer Action to the Southern District of California Pursuant to 28 U.S.C. § 1404(a), [Dkt. No. 1-6, Dkt. No. 15], which the Court granted, [*id.* at Dkt. No. 16.] On April 25, 2023, the *Smith* Action was transferred to United States District Court for the Southern District of California, [*id.* at Dkt. No. 17], and, ultimately, the *Smith* Action was assigned to District Judge Anthony J. Battaglia, [*id.* at Dkt. No. 20].

On June 16, 2023, Southwest filed in the *Smith* Action, just as it had done in the *Hill* Action, a Motion to Dismiss, Transfer, or Stay the Action Under the First-to-File Rule ("*Smith* First-Filed Motion").[3]  [Dkt. No. 24.]  The Court has not yet set a briefing schedule for that motion.

Southwest's current responsive pleading deadline in the *Smith* Action is thirty (30) days after the JPML rules on the MDL Motion. [Dkt. No. 25.]

---

[3] A true and correct copy of the *Smith* First-Filed Motion is attached hereto as Exhibit B.

### D.      The *Grove* Action.

On February 15, 2023, the *Grove* Action was filed in the United States

District Court for the Southern District of California.  [*See generally* Dkt. No. 1-4.]

Plaintiff Matt Grove asserts the exact same causes of action in his complaint as

Smith asserted in hers: (1) breach of contract, (2) breach of the covenant of good

faith and fair dealing; (3) violation of bailment; (4) injunctive relief; and (5)

declaratory relief (28 U.S.C. §§2201-2202).  [*See generally id.*] These five claims

all arise out of Southwest's "cancell[ing] nearly 16,000 flights" "[b]etween

December 22, 2022 and January 2, 2023."  [*Id.* at p. 13 of 34, ¶ 60.]

Grove asserts these claims on behalf of himself and, purportedly, on behalf

of a "nationwide class" that he defines as follows:

> "All persons in the United States who purchased tickets
> for travel on a Southwest Airlines flight scheduled to
> operate notably from June 2020 through the date of
> certification but including the time period allowed by the
> statute of limitations, and that flight was delayed or
> cancelled, and who were not provided a refund and
> reimbursed for incurred expenses as a result of the
> cancellation."

[*Id.* at p. 25 of 34, ¶ 77.]

On June 16, 2023, Southwest filed in the *Grove* Action a Motion to Dismiss,

Transfer, or Stay the Action Under the First-to-File Rule ("*Grove* First-Filed

Motion").[4]  [Dkt. No. 12.]  The Court set the following briefing scheduled for the *Grove* First-Filed Motion:

- Plaintiff's Response Due: July 3, 2023

- Southwest's Reply Due: July 10, 2023

- Hearing: August 21, 2023 at 3:00 p.m.

[Dkt. No. 13.]

One day before Southwest filed the *Grove* First-Filed Motion, the Parties filed on June 15, 2023 a Joint Motion in the *Grove* Action to continue Southwest's responsive pleading deadline to thirty (30) days after the JPML rules on the MDL Motion.  [Dkt. No. 11.]

## II.    PENDING FIRST-TO-FILE MOTIONS MAKE SECTION 1407 CENTRALIZATION UNNECESSARY.

 "[C]entralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d at 1378. Those options include non-1407 transfer and informal efforts at coordination. *In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, 619 F. Supp. 3d 1349, 1350 (J.P.M.L. 2022) ("On a number of occasions this Panel has denied centralization where a 'reasonable prospect' exists that Section 1404 or first-to-file motions will eliminate the

---

[4] A true and correct copy of the *Grove* First-Filed Motion is attached hereto as Exhibit C.

multidistrict character of a litigation."); *In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Mktg. & Sales Pracs. Litig.*, 190 F. Supp. 3d 1349, 1350 (J.P.M.L. 2016) (listing "alternatives to centralization, such as voluntary cooperation and coordination among the parties and the three involved courts" and recommending that the parties "consider seeking a stay, dismissal or transfer of the later-filed cases under the 'first-to-file rule' to streamline this litigation").

The JPML prefers other means of coordination because "[c]entralization under Section 1407 is not permanent[,]" it "is limited to pretrial proceedings only," and the Panel must "remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course." *In re: Gerber Probiotic Prod. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L.  2012). In contrast, a first-to-file transfer "is for all purposes, including trial…. [which] can result in a more streamlined action, without the procedural necessity of remand to the transferor court."  *Id.*; *see also In re First Am. Fin. Corp. Customer Data Sec. Breach Litig.,* 396 F. Supp. 3d 1372, 1373 (J.P.M.L. 2019) ("We think transferring these cases for all purposes, as opposed to the limited pretrial transfer under Section 1407, is preferable to centralization in these circumstances.").

The preference for non-1407 transfer is amplified where, as here, "only a minimal number of actions are involved[.]" *In re SLB Enter. Rico Litig.*, 412 F. Supp. 3d at 1352; *see also In re Walden Univ., LLC, Doctoral Program Litig.*, 273

F. Supp. 3d 1367, 1369 (J.P.M.L. 2017) (refusing to order centralization where the "litigation involves only three actions and one potential tag-along action pending across three districts"). In such situations, "the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate." *In re SLB Enter. Rico Litig.*, 412 F. Supp. 3d at 1352.

Here, Smith has not met this heavy burden.  While Smith accurately describes the four putative class actions and their similarities, she fails to explain why alternative (and preferred) methods of transfer and coordination (i.e., through first-to-file motions) are not viable options. [*See generally* Dkt. No. 1-1.]

Indeed, viable alternatives do exist.  In all three, California-based actions (i.e., *Hill, Smith,* and *Grove*), Southwest has already filed motions seeking to dismiss, transfer, or stay the actions pursuant to the first-to-file rule.  [*See Hill II* First-Filed Motion, attached hereto as Exhibit A; *Smith* First-Filed Motion, attached hereto as Exhibit B; *Grove* First-Filed Motion, attached hereto as Exhibit C.]  And nothing in Smith's Motion for Transfer calls into question the viability of those motions.  Her motion makes clear that the three, later-filed California-based cases (i.e., *Hill II, Smith*, and *Grove*) involve "substantially the same parties and issues" as the first-filed *Capdeville* Action.  *See Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.,* 787 F.3d 1237, 1239 (9th Cir. 2015) ("The first-to-file rule allows a district court to [dismiss, transfer, or] stay

11

proceedings if a similar case with substantially similar issues and parties was previously filed in another district court.").

Furthermore, prior to filing her Motion for Transfer, Smith had already represented to Southwest and the Court that she would voluntarily be seeking consolidation of her case with the *Grove* Action.  [*See* Dkt. No. 1-6, Dkt. No. 15, Joint Motion to Transfer Case to the Southern District of California Pursuant to 28 U.S.C. 1404(a), ¶ 27 ("The Parties further agreed that, upon transfer of these actions to the Southern District of but California, they will propose an agreed-upon schedule for consolidation of this action and the *Grove* Action.").]  And the plaintiffs in *Hill* represented that, at the very least, they were open to voluntarily consolidation.  [*See* Dkt. No. 1-5, Dkt. No. 8, Joint Motion to Continue Defendant Southwest Airlines Co.'s Deadline to Respond to Complaint, ¶ 14 ("To allow the Parties sufficient time to complete the meet and confer process and, potentially, resolve, among themselves, consolidation of the actions, the Parties have agreed to continue, and hereby request that the Court issued an order continuing, Southwest's responsive pleading by thirty-one days, from May 19, 2023 to June 19, 2023.").]

Not only do these prior efforts show a track record of successful cooperation and coordination but they also reduce the obstacles to informal cooperation because there are, in reality, only two actions to coordinate. *See In re Nelnet*

*Servicing, LLC, Customer Data Sec. Breach Litig.*, 2022 WL 17843103, at *1 ("Three actions initially filed in other districts have been transferred to the District of Nebraska through agreed transfer motions under 28 U.S.C. § 1404. Effectively, then, there are two "actions" at issue here—a group of consolidated class actions in the District of Nebraska and a single class action in the Eastern District of Tennessee."). In short, Southwest's pending first-to-file motions will obviate the need for centralization by resulting in the dismissal, transfer, or stay of each California action.  And even if those motions are denied, the parties need only coordinate one set of consolidated California actions and one action in Louisiana.

Section 1407 centralization is not needed here, and the Panel should deny Smith's Motion for Transfer.

## III.  ALTHOUGH UNNECESSARY, IF THE JPML DOES DECIDE TO CENTRALIZE THE ACTIONS, IT SHOULD DO SO IN THE EASTERN DISTRICT OF LOUISIANA.

If the JPML is inclined to centralize the actions, it should do so in the United States District Court for the Eastern District of Louisiana. The Eastern District of Louisiana is home to the first-filed case; closer to most of the relevant documents and witnesses (i.e., closer to Southwest's Dallas, Texas headquarters); and presiding over the farthest along class action, with Southwest having already filed its motion to dismiss in the *Capdeville* action.

## IV.    <u>CONCLUSION</u>

For the reasons stated above, the Panel should deny the Motion for Transfer because centralization under 28 U.S.C. § 1407 is unnecessary. A more efficient result can be achieved through Southwest's currently pending first-to-file motions or subsequent efforts at voluntary coordination.

DATED: June 20, 2023                                **BAKER & HOSTETLER LLP**

By: */s/ Casie D. Collignon*
       Casie D. Collignon

*Attorneys for Defendant*
*Southwest Airlines Co.*

14

4854-4488-7914.5